# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT




No. 10-31048

In the Matter of: CARL MITCHELL PIERROTTI,

Debtor

---

CARL MITCHELL PIERROTTI, also known as Carl Mitchell B. Pierrotti,

Appellant

v.

UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE,

Appellee

Appeal from the United States Bankruptcy Court
for the Western District of Louisiana

Before KING, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:

In his proposed Chapter 13 bankruptcy plan, Debtor-Appellant Carl Mitchell Pierrotti sought to "modify" the Internal Revenue Service's secured claims for long-overdue tax deficiencies into a long-term debt payable over a period of fifteen years. We hold that he may not do so, because those tax deficiencies are not debts whose pre-bankruptcy payment terms include a final payment date that falls beyond the five-year term of Pierrotti's Chapter 13 plan.

## FACTUAL AND PROCEDURAL BACKGROUND

Pierrotti lives in a house that is encumbered by two security interests: a senior mortgage lien in favor of Evangeline Bank & Trust Company, and a junior lien in favor of the Internal Revenue Service ("IRS"), which secures Pierrotti's tax deficiencies. Pierrotti defaulted on his mortgage payments and filed for bankruptcy under Chapter 13 of the Bankruptcy Code in order to prevent foreclosure on his home.

The IRS filed a proof of claim asserting federal income tax liabilities in the amount of $35,012.38, representing unpaid taxes, penalties, and interest for 1994, 2000, 2001, 2003, 2005, 2006, 2007, and 2009. Of that amount, $18,000—representing tax liabilities from tax years 1994 and 2000—is comprised of claims secured by filed liens, including the lien on Pierrotti's home. The remainder consists of unsecured priority and non-priority claims that are not at issue in this appeal.

In his Chapter 13 plan, Pierrotti proposed to pay the IRS's secured claims for $18,000 in equal monthly installments over a period of fifteen years. The IRS objected to this provision because the proposed payment period was longer than the five-year term of the bankruptcy plan. The bankruptcy court denied confirmation of Pierrotti's plan, concluding that it did not "satisfy the confirmation requirements contained in § 1325 of the Bankruptcy Code," and ordered Pierrotti to file an amended plan. The court later stayed the case upon certifying a direct appeal to the Fifth Circuit, which we accepted.

## DISCUSSION

The sole issue before us on appeal is whether a proposed Chapter 13 plan may modify a secured claim for a tax deficiency into a long-term debt payable over a period longer than the Bankruptcy Code–mandated term of a Chapter 13

plan.[1] We review this question of law de novo. *Morrison v. W. Builders of Amarillo, Inc. (In re Morrison)*, 555 F.3d 473, 480 (5th Cir. 2009).

Pierrotti argues that 11 U.S.C. § 1322(b)(2) may be read together with § 1322(b)(5) to permit him to "modify" the period of time over which he must pay the IRS's secured claims. Those sections provide that a Chapter 13 bankruptcy plan may:

> (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence . . . ;
>
> . . .
>
> (5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due . . . .

11 U.S.C. § 1322(b)(2), (b)(5).

Pierrotti thus seeks to combine his ability to modify a secured claim pursuant to § 1322(b)(2) with his ability to "cure and maintain" a long-term debt pursuant to § 1322(b)(5). Because the IRS's secured claims are secured by more than just its lien on Pierrotti's home, Pierrotti argues that, under § 1322(b)(2), he may "modify" those claims from past due, lump sum debts into a long-term debt that may be repaid in installments over the course of fifteen years. This unilateral "modification" effectively creates a new debt whose last payment is due long after the end of his five-year Chapter 13 plan, thus allowing Pierrotti to pay off that debt on his own newly created terms under § 1322(b)(5).

The IRS, on the other hand, contends that § 1322(b) does not allow Pierrotti to evade the separate and independent restrictions that "the plan may

---

[1] The Government asserts multiple other objections to the confirmability of Pierrotti's plan, but as Pierrotti appeals only this single issue, the Government's other objections are properly addressed to the bankruptcy court on remand.

not provide for payments over a period that is longer than 5 years," 11 U.S.C. § 1322(d)(1), and that "the value, as of the effective date of the plan, of property to be distributed under the plan on account of [a secured] claim [not be] less than the allowed amount of such claim," 11 U.S.C. § 1325(a)(5)(B)(ii).

We agree with the IRS's position. Although the Fifth Circuit has not yet addressed the precise question at issue here, our interpretation of § 1322(b)(5) in *Grubbs v. Houston First American Savings Association*, 730 F.2d 236 (5th Cir. 1984) (en banc), makes clear that § 1322(b)(5) applies only to long-term debts, such as home mortgages, whose original payment terms establish a final payment date after the conclusion of a Chapter 13 plan's statutorily mandated term. *See id.* at 244–45; *see also* 8 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 1322.09[1] at 34 (16th ed. 2011) (hereinafter "Collier") ("Section 1322(b)(5) is concerned with relatively long-term debt, such as a security interest or mortgage debt on the residence of the debtor.").

The tax deficiencies at issue here are not long-term debts, nor do they have "original terms" (or, indeed, any terms) that allow for monthly payments. Individual taxpayers like Pierrotti must pay their federal tax obligations for each taxable year in full on or before April 15th of the following calendar year. 26 U.S.C. §§ 6072(a), 6151(a). The due dates for Pierrotti's income taxes for 1994 and 2000, at issue here, have clearly passed, and those tax deficiencies are therefore debts that have already fully matured and were immediately due and payable before he even filed for bankruptcy. Section 1322(b)(5) is thus not applicable here. *See Seidel v. Larson (In re Seidel)*, 752 F.2d 1382, 1383 (9th Cir. 1985) (holding that the "cure" provision of § 1322(b)(5) is "inapplicable when a debt has reached its maturity date in the absence of acceleration, prior to the filing of the Chapter 13 petition").

Furthermore, it is "a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that . . . no clause, sentence,

or word shall be superfluous, void, or insignificant." *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (citation and internal quotation marks omitted). If we endorsed Pierrotti's reading of § 1322(b), then § 1322(d) (capping a Chapter 13 plan's lifetime at three or five years, depending on the monthly income of the debtor and the debtor's spouse) would never apply to a secured claim modifiable under § 1322(b)(2) because the debtor could always "modify" the length of time for payments on the existing debt and then claim to "maintain" payments according to that modification under § 1322(b)(5). We decline to interpret § 1322(b) in a way that would render § 1322(d) null and void as to such modified claims.

Finally, Pierrotti argues that public policy supports his position because his plan will allow him to keep his home while paying the taxes he owes to the IRS. He also argues that, from a practical standpoint, the IRS is unlikely to recover anything on its lien if a foreclosure sale occurs because Evangeline Bank & Trust Company holds a senior mortgage lien on the house. However, Congress intentionally imposed a maximum five-year term in Chapter 13 bankruptcies in order to end what it termed "the closest thing there is to indentured servitude," where some debtors are put "under court supervised repayment plans for seven to ten years." H.R. Rep. No. 95-595, at 117 (1977), *reprinted in* 1978 U.S.C.A.N.N. 5963, 6078; 8 Collier ¶ 1322.18[2] at 60. We decline to substitute our judgment for Congress's in this matter.

We interpret § 1322(b)(5) to apply only to a debt whose pre-bankruptcy terms establish that the final payment is not due until after the end of a Chapter 13 plan's maximum term. We therefore reject Pierrotti's attempt to bootstrap § 1322(b)(2) and (b)(5) into a vehicle for extending payment of the IRS's secured claims, which were due and payable before he even filed for bankruptcy, past the maximum term for a Chapter 13 plan. *Cf. Enewally v. Wash. Mut. Bank (In re Enewally)*, 368 F.3d 1165, 1172 (9th Cir. 2004) (holding that "a [C]hapter 13

debtor may not invoke both a modification of a secured creditor's claim under § 1322(b)(2) and the right to 'cure and maintain' beyond the plan term as authorized under § 1322(b)(5)" by dividing the claim into secured and unsecured portions and then satisfying the secured portion of the claim beyond the life of the Chapter 13 plan).

## CONCLUSION

For the reasons stated above, we AFFIRM the challenged portion of the order of the bankruptcy court denying confirmation and remand this case to the bankruptcy court for further proceedings not inconsistent with this opinion.

AFFIRMED.